T.C. Summary Opinion 2002-104


UNITED STATES TAX COURT



SHALOM J. & DANIEL F. BONHAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6201-01S.                    Filed August 7, 2002.


Daniel F. Bonham, pro se.

<u>Robert V. Boeshaar</u>, for respondent.



PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1998 Federal income tax in the amount of $1,880. After concessions by respondent, the Court must decide whether petitioners are entitled to claim a dependency exemption deduction for Ammon Bonham.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Woodburn, Oregon, when their petition was filed.

Beginning on January 1, 1996, petitioner Daniel F. Bonham's son by a previous marriage, Ammon Bonham (Ammon), lived with petitioners. During the taxable year 1998 Ammon lived with petitioners for the entire year. Petitioners provided 100 percent of Ammon's support during the taxable year 1998. Petitioners claimed a dependency exemption for Ammon on their 1998 income tax return.

In 1987, petitioner Daniel F. Bonham (petitioner) was divorced from Michelle Cutler, by a decree of divorce from a Utah civil court (the divorce decree). The divorce decree is not in the record. The divorce decree awarded Michelle Cutler full custody of Ammon.

Respondent, among other things, disallowed the dependency exemption deduction for Ammon Bonham. Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term

"dependent" means, in pertinent part, a son of the taxpayer over half of whose support was received from the taxpayer.  Sec. 152(a)(1).

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that if a child receives over half of his support from his parents who are divorced under a decree of divorce and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year.

Section 1.152-4(b), Income Tax Regs., provides that the term "custody" is "determined by the terms of the most recent decree of divorce".  Because the divorce decree grants Michelle Cutler full custody of Ammon, she is considered Ammon's "custodial parent" under section 152(e).  Cafarelli v. Commissioner, T.C. Memo. 1994-265.

Petitioner as the "noncustodial parent", is allowed to claim Ammon as a dependent only if one of three statutory exceptions in section 152(e) is met.  Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if:  (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent

attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

Here the exceptions in section 152(e) do not apply.  We have no choice except to find that petitioners are not entitled to claim the dependency exemption deduction for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.